IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANNY ALLEN GREEN,

    Petitioner,

v.                                            CASE NO. 1:09-cv-204-MP-GRJ

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's Alachua County convictions for two counts of attempted sexual battery and one count of sexual performance by a child. Petitioner contends that his constitutional rights were violated by the lack of a probable cause affidavit supporting the charging information. (Docs. 1 & 4.) Respondent has filed a response and exhibits in support of that response. (Docs. 34 & 42.) Petitioner has also filed a Reply to Respondent's response. (Doc. 37.) Upon due consideration of the Petition, the response, Petitioner's Reply to the Respondent's response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Because the issues involved in the Court's consideration of the Petition are concentrated heavily on the procedural aspects of this case, and in particular on

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

whether Petitioner exhausted his available state court remedies, the Court will focus its discussion of the state court proceedings accordingly.  See Doc. 42 and attached exhibits.

On August 17, 2004, in Case No. 01-2004-CF-2871-A, the State of Florida filed an Information in the Circuit Court for the Eighth Judicial Circuit in and for Alachua County charging Petitioner with one count of sexual battery by use of force not likely to cause serious personal injury on J.S, a minor child.  (Ex. B at 16-17.) On August 30, 2004 Petitioner was charged in another Information in Case No. 01-2004-CF-2796-A with (1) one count of sexual battery by use of force not likely to cause serious personal injury (on a second minor child victim, R.R.); (2) one count of sexual performance by a child; and (3) one count of unlawful sexual activity with certain minors.  (Ex. B at 40-41.) Petitioner then moved to consolidate the two cases for purposes of trial on September 1, 2005, a request that was granted by the trial court the following day.  (Ex. B.)  A Consolidated Information was then filed in open court on September 12, 2005, in which Petitioner was charged (1) in Count I with one count of sexual battery with respect to R.R.; (2) in Count II with one count of unlawful sexual activity with certain minors with respect to R.R.; (3) in Count III with one count of sexual performance by a child with respect to R.R.; and (4) in Count IV with one count of sexual battery with respect to J.S. (Ex. B at 70-71.)

Petitioner proceeded to jury trial and was found guilty of (1) attempted sexual battery on R.R., a lesser-included offense of Count I, with the factual finding that there was sexual contact with the victim's vagina by the Petitioner; (2) sexual performance by a child, as charged in Count III; and (3) attempted sexual battery on J.S., a lesser-

included offense of Count IV, with the factual finding that there was sexual contact with the victim's vagina by the Petitioner. (Ex. B at 99-100.) Petitioner was found not guilty of unlawful sexual activity with a minor as to R.R. in Count II. (*Id.*) In a Judgment and Sentence rendered on November 10, 2005, Petitioner was adjudicated guilty of the offenses of which the jury found him guilty and sentenced to 102.525 months imprisonment, followed by ten years of sex offender probation, with 16 days credit for time served. (Ex. B at 149-57.)

Petitioner appealed his judgment and sentence to the First District Court of Appeal by filing a Notice of Appeal on November 10, 2005. (Ex. B at 165.) After oral argument was held on January 31, 2007, the First District Court of Appeal affirmed Petitioner's conviction in a written opinion. (Exs. N & O); *Green v. State*, 951 So. 2d 962 (Fla. Dist. Ct. App. Mar. 13, 2007). The First District Court of Appeal issued its mandate on March 29, 2007. (Ex. P.) Petitioner then sought discretionary review in the Florida Supreme Court, which declined jurisdiction on September 5, 2007. (Ex. T.)

While Petitioner's direct appeal was pending, Petitioner filed a state petition for writ of habeas corpus with the First District Court of Appeal on May 30, 2007 in which he contended that his appellate counsel was constitutionally ineffective. (Ex. V.) On July 9, 2007, the First District Court of Appeal denied the petition per curiam without a written opinion. (Ex. W); *Green v. State*, 963 So. 2d 704 (Fla. Dist. Ct. App. July 9, 2007). Petitioner then filed a motion for rehearing, reconsideration and motion to vacate void judgments on July 24, 2007 with the First District Court of Appeals, which that court denied on September 10, 2007. (Exs. U & W.)

On June 12, 2008, Petitioner filed what he titled a "Request For Immediate

Injunctive Relief" in the Middle District of Florida, which transferred the case to this Court. (Case No. 1:08-cv-131-MP-AK Doc. 1.) This Court construed that document as a petition for a writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254 and directed Petitioner to file an amended petition on the Court's form petition for a writ of habeas corpus for prisoners in state custody, which Petitioner did on August 18, 2008. (Case No. 1:08-cv-131-MP-AK Docs. 8 & 10.) Petitioner's amended petition was then dismissed without prejudice by this Court on January 7, 2009 because Petitioner failed to exhaust all his available state court remedies. (Case No. 1:08-cv-131-MP-AK Doc. 27.) Petitioner's motion for a certificate of appealability in that case was denied by this Court on February 25, 2009 and then was also denied by the Eleventh Circuit on April 29, 2009. (Case No. 1:08-cv-131-MP-AK Docs. 42 & 51.)

On July 16, 2008, Petitioner filed a motion to correct sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure in the trial court. (Ex. X.) On July 24, 2008, the trial court dismissed Petitioner's motion without prejudice and advised the Petitioner that Fla. R. Crim. P. 3.800(a) was not the proper vehicle for Petitioner's claim. (Ex. Y.) Petitioner did not appeal this order.

On August 25, 2008, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 in the trial court in which he raised the same eleven grounds for post-conviction relief that he raises in the Petition in this case. (Ex. Z at 1-25.) On September 25, 2008, the trial court denied Petitioner's post-conviction motion. (Ex. Z at 85-142.) On October 21, 2008, Petitioner filed a notice of appeal to the First District Court of Appeal. (Ex. Z at 162-64.) On January 3, 2009, Petitioner filed a document entitled Supplement on Appeal Concerning Sentencing Error and In Support of Motion

for Immediate Hearing in the First District Court of Appeal, which that court deemed an Initial Brief on the Merits. (Ex. JJ, KK.)  In what was deemed his Initial Brief Petitioner only raised a single claim, the purported "'LACK OF JURISDICTION OF THE TRIAL COURT TO ENTER THE JUDGMENT OR IMPOSE THE SENTENCE' by reason of the fact that No supporting probable cause affidavit exists for any alleged offense identified in the States's Information."  (Ex. KK at 1.)

On November 6, 2008, the trial court entered an order *sua sponte* correcting an illegal sentence with respect to Petitioner, in which the trial court eliminated Petitioner's trailing term of probation and directed the State to provide that court with a corrected sentencing scoresheet.[2] (Exs. AA at 173-75; BB.)  On November 12, 2008, the trial court rendered a corrected judgment and sentence *nunc pro tunc* to November 10, 2005 that eliminated Petitioner's trailing term of probation.  (Ex. CC.)  On November 24, 2008, Petitioner filed a Motion to Dismiss State's Information on Fundamental Grounds in the trial court.  (Ex. DD.)  On December 5, 2008, the trial court dismissed this motion based on its lack of jurisdiction because Petitioner already had raised this claim in his August 25, 2008 motion for post-conviction relief, which was then pending on appeal with the First District Court of Appeals.  (Ex. EE.)  On December 1, 2008, Petitioner filed a Motion to Correct Sentencing Error, or, Alternatively, Notice of Appeal in the trial court.  (Ex. FF.)  On December 5, 2008, the trial court denied Petitioner's motion. (Ex. GG.)

---

[2] In that order, the trial court noted that the original sentencing scoresheet used in sentencing Petitioner had erroneously listed the Attempted Sexual Battery offenses as second degree felonies instead of third degree felonies, an error which did not affect the number of "sentence points" that Petitioner received on the scoresheet or the term of imprisonment that Petitioner received.  (Ex. AA at 173-75.)

*Case No: 1:09-cv-204-MP-GRJ*

On February 2, 2009, Petitioner filed a state petition for a writ of habeas corpus with the Florida Supreme Court. (Ex. HH.) The Florida Supreme Court transferred Petitioner's state habeas corpus petition to the First District Court of Appeals on February 10, 2009 for consideration in conjunction with Petitioner's pending appeal of the denial of his August 25, 2008 motion for post-conviction relief. (Ex. II.) On June 16, 2009, Petitioner's transferred state habeas corpus petition and the trial court's denial of his August 25, 2008 Fla. R. Crim. P. 3.850 motion for post-conviction relief were affirmed per curiam by the First District Court of Appeals without a written opinion. (Ex. LL); *Green v. State*, 13 So. 3d 1059 (Fla. Dist. Ct. App. June 16, 2009). The First District Court of Appeals issued its mandate on August 24, 2009. (Ex. MM.) On September 27, 2009, Petitioner submitted the instant Petition for Writ of Habeas Corpus to prison officials for mailing, which was filed with this Court on September 30, 2009. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## **Section 2254 Standard of Review**

For properly exhausted claims, there are limitations on this court's review of state court findings of fact. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the

state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor*] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

## **Petitioner's Claims**

Petitioner asserts eleven grounds for post-conviction relief in his Petition. Respondent concedes that the Petition was timely filed but contends that this Court does not possess jurisdiction over Petitioner's first claim because that claim is a state law matter. As to Petitioner's remaining ten claims Respondent contends that all of the claims are unexhausted and thus procedurally barred. The Court will first address the first claim advanced by Petitioner in the Petition and then will address claims two through eleven collectively.

### 1. Petitioner's Claim That The Trial Court Lacked Jurisdiction To Enter Judgment Or Impose A Sentence Upon Him

Petitioner's first claim in the Petition is that the state trial court lacked jurisdiction to enter judgment or impose a sentence upon him in his criminal case. He contends that there was no supporting probable cause affidavit or oath for any of the offenses charged in the information in violation of Florida law. He contends that this lack of supporting cause affidavit or probable cause oath accompanying the criminal

information under which he was charged caused his trial, sentence and subsequent imprisonment to occur in violation of both his federal and state constitutional rights.

Petitioner's first ground for relief in the Petition is a state law claim that is not cognizable in a federal habeas corpus proceeding under Section 2254.[3]  This claim, despite Petitioner's contention that it violated both state and federal constitutional law, is not cognizable on federal habeas corpus review because Petitioner asserts no federal constitutional violation. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")(internal quotations and citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A state court's jurisdiction to enter a judgment and sentence a defendant, as well as the adequacy of a criminal information, are matters of state law that are not cognizable by this Court on federal collateral review.  *See Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991)("The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction."). Whether the charging criminal information in the state trial court complied with Florida law or whether the trial court in this case had jurisdiction to enter a judgment and

---

[3] Respondent also contends that Petitioner's second, third, fourth, and fifth claims in the Petitioner are also issues of state law, but the Court need not reach that issue, because each of those claims is procedurally barred for Petitioner's failure to exhaust his available state remedies with respect to each of those claims.

sentence Petitioner is beyond the scope of this Court's review of the Petition under 28 U.S.C. § 2254. Accordingly, Petitioner's first claim in the Petition is foreclosed from federal collateral review.

## 2. Petitioner's Ten Remaining Claims

Petitioner also raises ten other grounds for relief in his Petition, all of which were reproduced verbatim from his August 25, 2008 motion for post-conviction relief under Fla. R. Crim. P. 3.850. These grounds include what Petitioner refers to as fraud upon the trial court that Petitioner contends produced several judicial acts that lacked constitutional authority; failure of the prosecution to turn over evidence favorable to Petitioner; deprivation of Petitioner's right to be informed of the nature and cause of the accusation against him; and denial of his Confrontation Clause rights. Each of these claims is procedurally barred because Petitioner failed to exhaust his available state remedies with respect to each claim.

As discussed above, before Petitioner filed his Petition in this Court he was required to exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion required Petitioner to give the Florida state courts a "full and fair opportunity" to resolve all his federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its

prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

Each of grounds two through eleven in the Petition is procedurally barred because they were not presented in Petitioner's Initial Brief to the First District Court of Appeals. While Petitioner attempted to raise each of grounds two through eleven in his August 25, 2008 post-conviction motion, the denial of which he appealed to the First District Court of Appeals, but not in his initial brief. Notably, Petitioner only included a single ground for relief in his Supplement On Appeal Concerning Sentencing Error And In Support Of Motion For Immediate Hearing, which the First District Court of Appeal determined was Petitioner's Initial Brief upon appeal.[4]

Pursuant to Florida law, "when a defendant submits a brief in an appeal from a summary denial of a postconviction motion" an appellate court "may only review those arguments raised and fully addressed in the brief." *Watson v. State*, 975 So. 2d 572, 573 (Fla. Dist Ct. App. 2008)(*per curiam*); *see also Walton v. State*, 58 So. 3d 887, 888 (Fla. Dist Ct. App. 2011)(a party appealing the summary denial of a post-conviction motion waives such claims as are not raised in its brief). Accordingly, and despite his appeal of the denial of his August 25, 2008 post-conviction motion, the only claim for relief in the Petition that Petitioner did not waive was the single claim for relief in the document which the First District Court of Appeals deemed his Initial Brief on the

---

[4] The Supplement On Appeal Concerning Sentencing Error And In Support Of Motion For Immediate Hearing filed by Petitioner in the First District Court of Appeal provided that "Ground 'A' claims 'LACK OF JURISDICTION OF THE TRIAL COURT TO ENTER THE JUDGMENT OR IMPOSE THE SENTENCE' by reason of the fact that No supporting probable cause affidavit exists for any alleged offense identified in the States's Information." (Ex. KK at 1.) This was the only ground for relief presented in that document.

Merits.

Because Petitioner failed to raise grounds two through eleven in the Petition in this case in his Initial Brief on the Merits to the First District Court of Appeals, Petitioner did not exhaust his available state remedies with respect to each of those claims. Federal district courts in Florida – including this Court – that have considered this issue have determined that a petitioner's failure to raise a ground in his brief before the Florida District Court of Appeals waives federal habeas review of any such omitted claims. *Corn v. Jordan*, No. 3:08-cv-199-MCR-EMT, 2010 WL 5811434, at *17 (N.D. Fla. Nov. 24, 2010)("The undersigned concludes that the Florida procedural rule deeming as waived or abandoned those claims for which an appellant has not presented any argument in his appellate brief (or for which he provides only conclusory argument), even when the insufficiently denied claims were summarily denied by the trial court, is a firmly established and regularly followed procedural rule for purposes of federal habeas."). *See also Ross v. McNeil*, 5:07-cv-219-RS-EMT, 2010 WL 2179039 (N.D. Fla. Apr. 14, 2010); *Sharp v. McNeil*, No. 4:07-cv-17-MP-MD, 2009 WL 981594, at *13-14 (N.D. Fla. Apr. 10, 2009); *Durain v. McNeil*, No. 2:08-cv-24-FTM-29DNF, 2008 WL 4888989, at *9 (M.D. Fla. Nov. 12, 2008); *Williams v. McDonough*, No. 8:02-CV-965-T-30MAP, 2007 WL 2330794, at *1-2 (M.D.Fla. Aug.14, 2007); *Walker v. Sec'y, Dep't of Corr.*, No. 8:05-cv-1539-T-17MAP, 2007 WL 1747181, at *4 (M.D. Fla. June 18, 2007).

Despite the inclusion of all eleven claims from the Petition in Petitioner's August 25, 2008 post-conviction motion, only the single claim included in his Supplement On

Appeal Concerning Sentencing Error And In Support Of Motion For Immediate Hearing has been procedurally exhausted for purposes of this Court's review of the Petition. Petitioner has not made any attempt whatsoever to either show cause for his failure to properly present any of these claims to the First District Court of Appeals, prejudice from his default or that a fundamental miscarriage of justice would occur if these claims were not considered by this Court. Accordingly, each of grounds two through eleven in the Petition was unexhausted in state court, and each of those claims for relief is procedurally barred and, thus, it is inappropriate for this Court to consider these claims on federal collateral review.

## Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, on June 22, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:09-cv-204-MP-GRJ*